Jeffrey S. Lipkin, Esq.
LAW OFFICE OF JEFFREY S. LIPKIN
1000 C Lake Street, Suite 5
Ramsey, New Jersey 07446
(201) 962-3876

Coates Lear, Esq.
SHOEMAKER GHISELLI + SCHWARTZ
1811 Pearl Street
Boulder, Colorado  80302
(303) 530-3452

*Attorneys for Relief Defendant Diana L. Mancini*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>OUTDOOR CAPITAL PARTNERS, LLC AND SAMUEL J. MANCINI,<br><br>Defendants,<br><br>and<br><br>OCP ITALIA FUND LLC, OCPITALUS LLC, and DIANA L. MANCINI,<br><br>Relief Defendants. | Civil Action No. 21-13813-CCC-MAH<br><br>**ANSWER OF RELIEF DEFENDANT DIANA L. MANCINI** |

Relief Defendant Diana L. Mancini ("Diana Mancini") answers Plaintiff U.S. Securities and Exchange Commission's Complaint ("Complaint") as follows:

1 - 6.     Diana Mancini lacks knowledge or information to form a belief as to the truth of the allegations in paragraphs 1 - 6.

7.     Paragraph 7 is a legal statement concerning the SEC's statutory authority, which requires no response from Diana Mancini.

8.     Paragraph 8 is a statement characterizing the relief sought by the SEC, which requires no response from Diana Mancini. Diana Mancini denies that the SEC is entitled to relief from her.

9.     Paragraph 9 is a legal statement concerning the Court's subject matter jurisdiction, which requires no response from Diana Mancini.

10.     Diana Mancini lacks knowledge or information to form a belief as to the truth of the allegations in paragraph 10.

11.     Paragraph 11 is a legal statement concerning whether venue lies in this judicial district, which requires no response from Diana Mancini. Diana Mancini, who lives in Colorado, denies that litigating the SEC's claim against her in the District of New Jersey serves the convenience of the parties and witnesses or the interests of justice.

12.     Diana Mancini lacks knowledge or information to form a belief as to the truth of the allegations in paragraph 12.

13 - 15.     Diana Mancini admits that Samuel Mancini resided in Denver, Colorado at the time the Complaint was filed. She otherwise lacks knowledge or information to form a belief as to the truth of the allegations in paragraphs 13-15.

16.     Diana Mancini admits that she resides in Denver, Colorado, that she had no role with respect to the Fund or OCPITALUS, that she was married to Defendant Samuel Mancini at the time the Complaint was filed, and that a checking account in her name received deposits identified as

originating from the Fund or OCPITALUS, which are detailed in the Sworn Accounting filed by Diana Mancini in this matter. Diana Mancini lacks knowledge or information sufficient to form a belief as to whether Samuel Mancini transferred investor funds to the checking account in her name. She further states that she is no longer married to Samuel Mancini.

17 - 99.  Diana Mancini lacks knowledge or information to form a belief as to the truth of the allegations in paragraphs 17 – 99.

100.  Diana Mancini admits that, as reflected in her Sworn Accounting, a checking account in her name received certain deposits identified as originating from the Fund or OCPITALUS. She lacks knowledge or information sufficient to form a belief as to the SEC's allegation that those deposits represented proceeds of a fraud and otherwise denies the allegations of paragraph 100.

101 – 106.  Paragraphs 101 – 106 assert claims against Defendants Samuel J. Mancini and Outdoor Capital and therefore require no response from Diana Mancini.

107.  Diana Mancini incorporates her above responses as if restated here.

108.  Diana Mancini admits that, as reflected in her Sworn Accounting, a checking account in her name received certain deposits identified as originating from the Fund or OCPITALUS. She lacks knowledge or information sufficient to form a belief as to the allegations concerning deposits received by the Fund and OCPITALUS or the allegation that the deposits constituted proceeds of a fraud.

109.  Diana Mancini denies the allegations of paragraph 109 insofar as they relate to her. She lacks knowledge or information sufficient to form a belief as to the allegations concerning the Fund and OCPITALUS.

Any allegations not expressly admitted are denied.

## **AFFIRMATIVE DEFENSES**

1.  The relief sought by the SEC against Diana Mancini violates principles of equity in that, among other things, it exceeds any benefit enjoyed by Diana Mancini from the funds deposited into her checking account, and it would leave her worse off than if the transactions at issue had not occurred at all.

2.  Diana Mancini holds no funds or assets relating to Defendants' alleged fraud.

3.  Diana Mancini acted in good faith and relied to her detriment on representations by Defendant Samuel Mancini.

4.  The imposition of prejudgment interest would be unreasonably punitive as to Diana Mancini.

5.  Diana Mancini reserves the right to assert further defenses or affirmative defenses as they may become available through discovery.

LAW OFFICE OF JEFFREY S. LIPKIN
Attorneys for Relief Defendant
Diana L. Mancini


By: s/Jeffrey S. Lipkin
    Jeffrey S. Lipkin

Dated: April 22, 2024