IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>OUTDOOR CAPITAL PARTNERS, LLC, and SAMUEL J. MANCINI (f/k/a SAMUEL J. GAMEL),<br><br>Defendants,<br><br>and<br><br>OCP ITALIA FUND LLC, OCPITALUS LLC, and DIANA L. MANCINI<br><br>Relief Defendants. | Civil Action No. 21-cv-13813-CCC-MAH |

**CONSENT OF RELIEF DEFENDANT DIANA L. MANCINI**

1. Relief Defendant Diana L. Mancini ("Relief Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Relief Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 10 and except as to personal and subject matter jurisdiction, which Relief Defendant admits), Relief Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, orders Relief Defendant to pay disgorgement in the amount of $177,522.29, plus prejudgment interest thereon in the amount of $3,903.52, for a total of $181,425.81.

3. Relief Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Relief Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Relief Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Relief Defendant to enter into this Consent.

6. Relief Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Relief Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Relief Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Relief Defendant of its terms and conditions. Relief Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Relief Defendant has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Relief Defendant in this civil proceeding. Relief Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have

arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Relief Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

      10.     Relief Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations."  As part of Relief Defendant's agreement to comply with the terms of Section 202.5(e), Relief Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Relief Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Relief Defendant does not deny the allegations; (iii) upon the filing of this Consent, Relief Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Relief Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C.

§523(a)(19). If Relief Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Relief Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11.     Relief Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Relief Defendant to defend against this action. For these purposes, Relief Defendant agrees that Relief Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12.     Relief Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13. Relief Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 10/02/2025

_____
Diana L. Mancini

State of Florida / County of St Lucie

On 2nd October, 2025, Diana Luciana Mancini, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.
Notarized remotely online using communication technology via Proof.



MARGARET M ARRAIZ
Notary Public - State of Florida
Commission # HH 239086
Expires on June 7, 2026

_____
Notary Public Margaret M Arraiz
Commission expires: 06/07/2026

Approved as to form:

_____
Coates Lear, Esq.
Shoemaker Ghiselli + Schwartz LLC
1811 Pearl Street
Boulder, Colorado 80302
(303) 530-3452
Attorney for Relief Defendant