IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>OUTDOOR CAPITAL PARTNERS, LLC, and SAMUEL J. MANCINI (f/k/a SAMUEL J. GAMEL),<br><br>Defendants,<br><br>and<br><br>OCP ITALIA FUND LLC, OCPITALUS LLC, and DIANA L. MANCINI<br><br>Relief Defendants. | Civil Action No. 21-cv-13813-CCC-MAH<br><br><br>**PLAINTIFF'S REPLY TO DEFENDANT SAMUEL J. MANCINI'S OPPOSITION TO MOTION FOR ENTRY OF CONSENT FINAL JUDGMENT AS TO RELIEF DEFENDANT DIANA L. MANCINI** |

**TABLE OF CONTENTS**

INTRODUCTION ..........................................................................................................1

RELEVANT BACKGROUND ....................................................................................1

ARGUMENT...............................................................................................................4

    I.   Mancini's Opposition is Premised on Misstated Facts .........................................4

        A. Mancini Does Not Have an Ownership Interest in the Silverthorne Property or an

        Agreement with the SEC Regarding the Silverthorne Property ...................................5

        B. Diana Mancini's Proposed Consent Judgment Does Not Impact the Silverthorne

        Property...........................................................................................................6

    II. Mancini Lacks Standing to Oppose Diana Mancini's Settlement with the Commission .....7

CONCLUSION............................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

Eichenholtz v. Brennan,
  52 F.3d 478 (3d Cir.1995) ............................................................................................. 7

Espinal v. W. Asset Mgmt., Inc., Civ. No. 11-5799
  (KSH), 2011 WL 6002887 (D.N.J. Nov. 29, 2011) ............................................................. 4, 6

Plaintiff United States Securities and Exchange Commission ("SEC") hereby replies to Defendant Samuel J. Mancini's ("Mancini") Brief in Opposition to the SEC's Motion for Entry of Consent Final Judgment, ECF No. 119 ("Opposition" or "Opp."). In further support of its Motion, the SEC states as follows:

## INTRODUCTION

Mancini's belated opposition to entry of the consent judgment against his former wife, Relief Defendant Diana Mancini, is baseless. Diana Mancini's settlement with the SEC requires her to pay disgorgement and prejudgment interest totaling $181,425.81. It does not impact Mancini or any judgment that may subsequently be entered against him. While the SEC and Mancini had early settlement negotiations that contemplated use of proceeds from the sale of a property, that was before counsel for the SEC learned that Mancini has no interest in that property. Thus, Mancini's claim that the SEC entered into an agreement with him regarding the disposition of proceeds from the anticipated sale of a property owned by Diana Mancini is false. No such agreement exists.  As for *Diana Mancini's* agreement to settle, her proposed consent judgment does not contain any provisions related to the property. Because the consent judgment of his former wife does not impact Mancini, he cannot demonstrate that he is legally prejudiced by it. He thus has no standing to seek to disturb the settlement.

Mr. Mancini's complaints aside, the consent judgment reflects agreement between the parties it impacts and is fair. The Court should grant the Motion, and enter the consent judgment against Diana Mancini.

## RELEVANT BACKGROUND

On July 19, 2021, the SEC filed an emergency action under seal against Defendants Outdoor Capital Partners, LLC ("Outdoor Capital") and Mancini to stop their ongoing fraudulent

1

unregistered securities offerings. ECF Nos. 1-2. In its Complaint, ECF No. 1, the SEC alleged that Defendants conducted two fraudulent securities offerings that raised nearly $11.5 million for Relief Defendant OCP Italia, LLC (the "Fund") from at least 40 investors. *Id.* at ¶ 17.

As a result of this conduct, the SEC alleged Defendants violated Section 17(a) of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder. *Id.* at ¶¶ 101-106. While not charging them with securities laws violations, the SEC further alleged that Diana L. Mancini, the Fund, and OCPITALUS LLC, received proceeds from the fraud to which they have no legitimate claim and named them as Relief Defendants. *Id.* at ¶¶ 107-109.

On July 20, 2021, the Court issued a temporary restraining order imposing an asset freeze and other emergency relief, ECF No. 3. That relief was extended pending further order of the Court or resolution of the case by the Court's August 2, 2021 order entering a preliminary injunction, asset freeze, and other relief. ECF No. 20 (the "Asset Freeze Order").

On April 7, 2022, Mancini pled guilty in a parallel criminal action, *U.S. v. Mancini*, 2:22-cr-00253-CCC (D.N.J.) (the "Criminal Action"), to one count of securities fraud, based on conduct underlying the SEC's Complaint. *See* Criminal Action, ECF No. 19. Mancini was sentenced to 71 months of incarceration, three years of supervised release, ordered to pay forfeiture of $10,615,000, and ordered to pay restitution of $10,515,000. Criminal Action, ECF Nos. 43, 44.

On December 4, 2025, Relief Defendant Diana Mancini, with the consent of counsel for the SEC, filed a letter seeking entry of a Consent Order modifying the Asset Freeze Order to permit her to sell a property located at 1871 Peregrine Lane, Silverthorne, Colorado 80498 (the "Silverthorne Property"). ECF No. 92. Ms. Mancini stated that she is sole owner of the

2

Silverthorne Property, that she and counsel for the SEC had reached an agreement in principle to settle the claims against her, and that she intends to sell the Silverthorne Property to raise funds for the anticipated settlement. *Id*.

On December 5, 2025, the Court entered the Consent Order modifying the Asset Freeze Order. ECF No. 93. Under the terms of the modified Asset Freeze Order, Ms. Mancini is permitted to sell the Silverthorne Property with notice to SEC counsel of all terms of the proposed sale at least seven days prior to the closing. *Id.* If counsel for the SEC objects to the proposed transaction within seven days of receiving notice of the terms of the proposed sale, the sale cannot be finalized unless the Court reviews and approves it. *Id.* If counsel for the SEC notifies counsel for Ms. Mancini that it does not object to the proposed transaction or does not timely object to the proposed transaction, the sale may be finalized. *Id.* Ms. Mancini is further required to fully account for any proceeds received from the sale of the Silverthorne Property to the Court and SEC counsel, and the net proceeds of such sale will be frozen and submitted to the registry of the Court. *Id.* Ms. Mancini is also prohibited from further encumbering her interests in the Silverthorne Property. *Id.*

On March 10, 2026, the SEC filed a motion for entry of a consent judgment as to Ms. Mancini. ECF No. 104 (the "Motion"). Under the terms of the proposed consent judgment, Ms. Mancini is required to pay disgorgement of $177,522.29, plus prejudgment interest thereon in the amount of $3,903.52, for a total of $181,425.81. ECF No. 104-1 at 2.

The Clerk's Office set the Motion for April 6, 2026, before Judge Cecchi. *See* March 11, 2026 Docket Text. The docket entry states that unless otherwise directed by the Court, the Motion will be decided on the papers and no appearances are required. *Id*.

3

On April 7, 2026, the Court entered Mr. Mancini's Opposition on the docket. ECF No. 119.[1]

## ARGUMENT

As an initial matter, Mancini's Opposition is untimely. Pursuant to Local Civil Rule 7.1(d)(2), Mancini was required to file his brief in opposition at least 14 days prior to the motion day set for the Motion. The Court set the motion for April 6, 2026. *See* March 11, 2026 Docket Text. As a result, Mancini was required to file any opposition no later than March 23, 2026. Mancini did not mail his Opposition until March 26, 2026 (*see* ECF 119, at 2), and the Opposition was not entered on the docket until April 7. The Court may reject the Opposition because it was not filed within the time specified by Local Civil Rule 7.1(d)(2). *See* L.Civ.R. 7.1(d)(7); *see also Espinal v. W. Asset Mgmt., Inc.,* Civ. No. 11-5799(KSH), 2011 WL 6002887, at *1 (D.N.J. Nov. 29, 2011) (rejecting an opposition filed 14 days after the deadline).

Even if the Court were to consider the Opposition, it is premised on misstated facts and Mancini has no standing to oppose the consent judgment against Diana Mancini. The Motion should be granted.

## I.      Mancini's Opposition is Premised on Misstated Facts.

The Motion should be granted, and the consent judgment against Diana Mancini should be entered, because Mancini's unsupported assertions of fact are false and he lacks standing to oppose Diana Mancini's settlement with the SEC.

---

[1] Mr. Mancini, who is incarcerated, filed the Opposition by mailing it to the Clerk of the Court. Although the Opposition was not entered on the docket until April 7, Mr. Mancini's signed transmittal letter is dated March 26, 2026 (ECF 119, at 2) and the ECF notice indicates that it was "filed" on April 1, 2026.

### A.    Mancini Does Not Have an Ownership Interest in the Silverthorne Property or an Agreement with the SEC Regarding the Silverthorne Property.

Mancini's objections to the proposed settlement with Diana Mancini are largely premised on his erroneous claims that: 1) he has an interest in the Silverthorne Property; 2) he has an agreement with the SEC regarding the proceeds from a sale of the Silverthorne Property; and 3) Diana Mancini's proposed settlement with the SEC could somehow impact any interest he did have in the Silverthorne Property. *See, e.g.*, Opp. at 1. All of these claims are false.

Mancini repeatedly states throughout the Opposition that he has an "agreement" with the SEC related to the use of funds from the sale of the Silverthorne Property and that Diana Mancini's proposed settlement with the SEC would somehow breach that agreement. This is not true.

In early settlement negotiations, the parties, including counsel for the SEC, Diana Mancini, and Mancini, mistakenly understood that Mancini and Diana Mancini jointly owned the Silverthorne Property. Based on that misunderstanding, the parties discussed potential settlement terms that involved applying net proceeds from a sale of the Silverthorne Property to judgments against Mancini and Diana Mancini. However, subsequently obtained title records demonstrate that Mancini does not have an ownership interest in the property because he quitclaimed all of his right, title, and interest in the property to Diana Mancini on April 28, 2015. *See* Ex. A.

And regardless of the early settlement negotiations, the fact of the matter is there is no agreement between the SEC and Mancini. As counsel for the SEC and Mancini have previously told the Court, the parties have engaged in settlement negotiations, but those discussions have not resulted in any agreement. *See, e.g.*, ECF No. 101 at 1-2, 4; ECF No. 109 at 8. Similarly, the SEC has not entered into any agreement with Mancini related to the Silverthorne Property (nor

could it since Mancini does not have an ownership interest in that property), the disposition of any other frozen assets, or the settlement of any claims.

Mancini claims that under the terms of a purported agreement between him and the SEC, the balance of net proceeds from the sale of the Silverthorne Property, after being applied to Ms. Mancini's judgment, will be "applied against the total amount alleged due by Mancini." Opp. at 1. Again, this is false and, given that there is no agreement between Mancini and the SEC and that Mancini does not have an ownership interest in the Silverthorne Property, it makes no sense. While Ms. Mancini may be able to use proceeds from the sale of the Silverthorne Property to pay a judgment against Mancini if she so chooses,[2] the SEC and Mancini have not entered into any such agreement.

**B.      Diana Mancini's Proposed Consent Judgment Does Not Impact the Silverthorne Property.**

Setting aside that Mancini has no interest in the Silverthorne Property and has no agreement with the SEC related to the Silverthorne Property, Mancini's assertions that the proposed settlement with Diana Mancini impacts the Silverthorne Property are inaccurate. The proposed consent judgment against Diana Mancini requires her to pay disgorgement and prejudgment interest totaling $181,425.81. ECF No. 104-1. It does not order that anything be done with respect to the Silverthorne Property; indeed, it does not reference the Silverthorne Property at all. *See id*. While Ms. Mancini may well use the proceeds from the Silverthorne Property to pay the judgment, that is not a term of the consent. *See supra* n.2.

---

[2] Diana Mancini's counsel has represented to counsel for the SEC that she intends to sell the Silverthorne Property to pay her anticipated disgorgement and prejudgment interest liability and that she intends to apply any remaining funds, less any taxes due on the sale, to any judgment against Mancini. However, this is not a term of the proposed settlement between Diana Mancini and the SEC, and the proposed Final Judgment does not order her to do so.

**II.    Mancini Lacks Standing to Oppose Diana Mancini's Settlement with the Commission.**

Non-settling defendants, such as Mancini, "in general, lack standing to object to a partial settlement, because they are ordinarily not affected by such a settlement," although "non-settling defendants [may] object to a partial settlement where they can demonstrate that they will suffer some formal legal prejudice as a result of the partial settlement." *Eichenholtz v. Brennan,* 52 F.3d 478, 482 (3d Cir.1995) (citations omitted).

Mancini has failed to demonstrate that he will suffer any legal prejudice as a result of Diana Mancini's settlement, nor could he. The proposed judgment requires Diana Mancini to pay disgorgement and prejudgment interest to the SEC. Mancini does not, and cannot, explain how these terms cause him prejudice. Mancini's arguments related to the Silverthorne Property are based on inaccurate statements of fact and, in any event, could not establish prejudice because he does not have an ownership interest in the Silverthorne Property and the proposed consent judgment does not impact the Silverthorne Property. Mancini claims that Diana Mancini will not be able pay the judgment within the timeframe called for by the judgment, Opp. at 1-2, but the payment terms of the judgment against Diana Mancini do not impact Mancini in any way and he does not claim otherwise.

In sum, Mancini has failed to demonstrate that he will be prejudiced by Diana Mancini's proposed settlement, and he has no standing to oppose it.

//

//

//

//

//

7

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the SEC respectfully requests that the Court

grant the Motion for Entry of Consent Final Judgment as to Relief Defendant Diana L. Mancini,

ECF No. 104.


Respectfully submitted this 13th day of April, 2026.


*/s/ Zachary T. Carlyle*
Zachary T. Carlyle
Jodanna L. Haskins
Attorneys for Plaintiff
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
Ph: 303.844. 1000
Email: carlylez@sec.gov; haskinsjo@sec.gov

Certificate of Service

I hereby certify that on April 13, 2026, I caused the foregoing to be electronically filed by using the CM/ECF system. I further certify that a copy of the foregoing was served upon the following counsel of record via the Court's CM/ECF system:

Jeffrey S. Lipkin, Esq.
LAW OFFICE OF JEFFREY S. LIPKIN
1000 C Lake Street, Suite 5
Ramsey, New Jersey 07446

Coates Lear, Esq.
SHOEMAKER GHISELLI + SCHWARTZ LLC
1811 Pearl Street
Boulder, Colorado 80302

*Counsel for Relief Defendant, Diana L. Mancini*

I further hereby certify that on April 13, 2026, a copy of the foregoing was served upon the following via US Mail:

Outdoor Capital Partners, LLC
OCP Italia Fund LLC
OCPITALUS LLC
c/o Harvard Business Services, Inc.- Registered Agent
16192 Coastal Hwy
Lewes, DE 19958

Samuel Mancini 55904-509
Yankton Federal Prison Camp
Inmate Mail/Parcels
P.O. Box 700
Yankton, SD 57078

*/s/ Zachary T. Carlyle*

9